IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| GEORGE NEELY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| RUAN TRANSPORT CORPORATION | ) | |
| | ) | |
| Defendant. | ) | Jury Demand |
| | ) | |
| | ) | |

## COMPLAINT

Plaintiff George Neely ("Plaintiff"), by and through undersigned counsel, hereby complains as follows against Defendant Ruan Transport Corporation ("Defendant").

## NATURE OF THE ACTION

1. Plaintiff initiated this action to redress violations by Defendant of the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, et seq. ("THRA"). Plaintiff suffered from adverse employment actions and was terminated from his employment due to Defendant's unlawful motivation to discriminate against Plaintiff on account of his age.

## JURISDICTION AND VENUE

2. This Court has jurisdiction in this matter under 28 U.S.C. § 1332 (diversity of citizenship; amount in controversy; and costs). Venue is proper under 28 U.S.C. § 1391.

3. Plaintiff reserves the right to amend this Complaint to assert age discrimination claims under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.* ("ADEA"). Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on June 22, 2012. At Plaintiff's election,

Plaintiff will seek permission to amend this complaint to assert ADEA claims at any time 60 days after the filing of his June 22, 2012 EEOC charge, or within 90 days of his receipt of his notice of suit rights from the EEOC.

**PARTIES**

4. Plaintiff is a citizen and resident of Spring Hill, Tennessee, and a former employee of Defendant.

5. Defendant is an Iowa corporation with its principal place of business in Des Moines, Iowa. Defendant employs over 500 individuals. Defendant may be served with process through its registered agent, CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929-9710.

6. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

**FACTS**

7. Plaintiff began working for Defendant on or about April 1, 2001.

8. Plaintiff is a 69 year-old male.

9. Plaintiff has not received an unsatisfactory performance evaluation or review during his employment with Defendant.

10. Plaintiff worked as an executive-level employee for Defendant.

11. Defendant's business operations are divided into separate regions across the United States, each region having a Vice-President/Region Manager over the region and several Terminal Managers who manage separately-operated individual terminal locations/accounts ("terminal accounts") within the region.

12. Terminal Managers are responsible for creating, monitoring, preparing, and delivering individual client billings.

13. Individual client bills are not routinely submitted to the Regional Vice-President/Region Manager for review or approval.

14. The job duties of a Regional Vice-President/Region Manager does not include creating, monitoring, preparing, or delivering billing invoices to individual clients within regional terminal accounts.

15. Plaintiff was the Vice-President/Region Manager for the Southeastern Region.

16. The Southeastern Region had 11 individual terminal managers, managing 23 terminal accounts during Plaintiff's tenure as Vice-President/Regional Manager (prior to the removal of 4 terminal accounts from Plaintiff, as discussed in Paragraphs 31-34 below).

17. Defendant's Southeastern Region included the Salem, Virginia territory -- which provided services across several states in the benefit of Defendant.

18. Larry Funk was the Terminal Manager for Defendant's Salem, Virginia terminal account for several years prior to his termination.

19. Larry Funk was terminated on or about May 14, 2012.

20. Larry Funk prepared and delivered billings to and for Kroger Groceries for services performed in the Salem, Virginia terminal account.

21. Larry Funk was told that he was terminated due to making a billing error involving an individual client.

22. Defendant terminated Plaintiff on or about May 14, 2012.

23. Defendant told Plaintiff that his discharge was due to a billing error involving an individual client within the Salem, Virginia terminal account.

24. Defendant's purported reason for discharging Plaintiff is a pretext for discrimination.

25. Plaintiff was the oldest of the Defendant's regional vice-presidents/regional managers.

26. Defendant has never terminated a Vice-President/Regional Manager for billing mistakes of a Terminal Manager.

27. In other situations in which terminal managers and other subordinate employees have made billing or other errors, substantially younger Regional Vice-Presidents were not terminated as a result.

28. Plaintiff was replaced by a substantially younger individual, Chad Humphries.

29. Mr. Humphries is in his 30's (age).

30. On or about August 14, 2011, Plaintiff was hospitalized due to a serious medical condition.

31. As a result of the serious medical condition, Plaintiff was absent multiple days in August and September of 2011.

32. While Plaintiff was on leave, Defendant removed several profitable terminal accounts that were previously assigned to Plaintiff. These terminal accounts were re-assigned to a substantially younger member of management, Chad Willis.

33. Mr. Willis is in his 30's (age).

34. Plaintiff's potential for earnings (in particular, bonus compensation) was substantially hindered by the removal of these terminal accounts from his service portfolio.

35. Mr. Willis' potential for earnings (in particular, bonus compensation) was substantially increased by the removal of these terminal accounts from Plaintiff's service portfolio.

36. Defendant's decision to discharge Plaintiff was unlawfully motivated by Plaintiff's age. Defendant discriminated against Plaintiff in violation of the THRA.

37. Defendant's decision to remove Plaintiff's terminal accounts and other adverse acts were unlawfully motived by Plaintiff's age. Defendant discriminated against Plaintiff in violation of the THRA.

38. Defendant treated Plaintiff differently and less favorably in terms, conditions, privileges and benefits of employment than it treated other similarly situated, substantially younger employees.

39. Defendant's discriminatory conduct was willful and intentional, malicious, or reckless.

40. As a result of Defendant's conduct, Plaintiff has lost income and other privileges and benefits of employment, has suffered embarrassment, humiliation, stress and anxiety, inconvenience, and loss of enjoyment of life, and has incurred attorney's fees and expenses.

## RELIEF REQUESTED

Plaintiff respectfully requests:

1. A jury trial;

2. Back pay and damages for lost benefits;

3. Compensatory damages for embarrassment, humiliation, stress, anxiety, inconvenience, and loss of enjoyment of life;

4. Reinstatement or front pay;

5. Attorneys' fees and expenses;

6. Prejudgment interest and, if applicable, post-judgment interest;

7. Such other and further legal or equitable relief to which he may be entitled; and

8. Plaintiff specifically asserts that his damages request is in excess of $75,000.

Respectfully submitted,

Brian C. Winfrey (BPR No. 025766)
The Winfrey Firm
Green Hills Office Park
2002 Richard Jones Road
Suite B-200
Nashville, Tennessee 37215
(615) 724-0844

Attorney for Plaintiff